ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| D-STAR Engineering Corp. | ) ASBCA Nos. 62075, 62780 |
| | ) |
| Under Contract No. FA8650-12-C-7243 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. S. Paul Dev
                                                                   President

APPEARANCES FOR THE GOVERNMENT:      Samuel W. Morris, Esq.
                                                                          DCMA Chief Trial Attorney
                                                                          Adrianne L. Goins, Esq.
                                                                          Trial Attorney
                                                                          Defense Contract Management Agency

OPINION BY ADMINISTRATIVE JUDGE HERZFELD
ON APPELLANT'S MOTION FOR RECONSIDERATION

D-STAR Engineering Corporation (D-STAR) seeks reconsideration of our decision sustaining in part and denying in part its appeals. *See D-Star Eng'g Corp.*, ASBCA Nos. 62075*, 62780*, 25-1 BCA ¶ 38,816. For the reasons discussed below, we deny D-STAR's motion for reconsideration.

DECISION

We will grant a motion to reconsider if a party (1) demonstrates a compelling reason for the Board to modify its decision by showing we made a genuine oversight that affects the outcome, or (2) presents newly discovered evidence that could not have been discovered by due diligence prior to the issuance of the challenged decision. *North Wind Constr. Servs., LLC*, ASBCA No. 63641, 24-1 BCA ¶ 38,622 at 187,751; *Restoration Specialists, LLC*, ASBCA No. 63284, 24-1 BCA ¶ 38,503 at 187,139; *Afghan Premier Logistics*, ASBCA No. 62938, 23-1 BCA ¶ 38,373 at 186,402. A motion to reconsider is not an invitation for a party to reargue issues that were previously raised and decided, get a "second bite at the apple," or advance arguments it could have previously raised but failed to do so. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014); *Restoration Specialists*, 24-1 BCA ¶ 38,503 at 187,139.

D-STAR mostly repeats prior arguments that we considered and rejected, attempting to take a second bite at the apple with its motion for reconsideration (and supplement). None of the arguments demonstrate a factual or legal error. We have considered all of D-STAR's arguments and do not find any of them compelling.

However, we address two issues that D-STAR repeatedly asserts as a basis for reconsideration.

First, D-STAR repeatedly asserts that we failed to recognize the "first audit" conducted by the Defense Contract Audit Agency (DCAA), which it asserts was "very thorough," took three months, and the auditors supposedly found no concerns with D-STAR's accounts and expenses (app. mot. at 5, 15; app. supp. br. at 2-3, 6-9, 11-13, 15; ASBCA No. 62075 compl. at 105-29; ASBCA No. 62780 compl. at 7-8, 18-19). D-STAR refers to the "first audit" as beginning on August 21, 2015 (*see* app. supp. R4, tab 9 at 1). Our decision discusses that DCAA began auditing D-STAR's termination settlement proposal on August 21, 2015. *D-STAR*, 25-1 BCA ¶ 38,816 at 188,820 ("On August 21, 2015, the Defense Contract Audit Agency (DCAA) began auditing D-STAR's July 2015 termination settlement proposal (R4, tabs 57-58)."). Contrary to D-STAR's contention that DCAA had no concerns about D-STAR's records in this "first audit," DCAA was unable to conduct any audit in those three months because DCAA found D-STAR's termination settlement proposal "inadequate and noncompliant." *Id.* (quoting R4, tab 9 at 78). Thus, we find no merit in D- STAR's assertion that this "first audit" provides any basis to reconsider our initial decision or that we did not properly consider it in the first place.

Second, D-STAR repeatedly asserts that we found the wrong balance between the Federal Acquisition Regulation's (FAR) cost principles (FAR Part 31) and the fairness principle applicable to terminations (FAR 49.201(a)) (app. mot. at 4, 14; app. supp. br. at 2, 5, 9, 14). D-STAR wants to use the fairness principle in FAR 49.201 to relieve it of its burden of proving that its costs were reasonable as required by FAR 31.201-3(a). *See D-STAR*, 25-1 BCA ¶ 38,816 at 188,827-28. D- STAR blames the passage of time for its inability to rebut the DCAA's challenges to the reasonableness of its direct labor costs.

While we may subordinate strict compliance with accounting practices and may permit estimates when assessing termination costs, a contractor's estimates must still "furnish equally reliable guides to fair compensation." FAR 49.201(c). "FAR 49.201 does not nullify part 31's cost principles . . . ." *Gen. Dynamics Land Sys., Inc.*, ASBCA No. 52283, 02-1 BCA ¶ 31,659 at 156,411; *see also Metro Mach. Corp.*, ASBCA No. 47005, 97-1 BCA ¶ 28,723 at 143,381 ("Fairness may permit the subordination of strict accounting practices, but does not justify disregarding an unambiguous contract provision."). Nor does it nullify the burden of proof. *Nicon, Inc. v. United States*, 331 F.3d 878, 885 (Fed. Cir. 2003) (noting that the "burden is on the contractor" even considering the "overall purpose" to fairly compensate a contractor for terminated work); *Int'l Equip. Servs., Inc.*, ASBCA No. 21104, 83-2 BCA ¶ 16,675 at 82,924 ("[E]ven if use of estimates is permissible, the contractor bears the burden of proof."). Regardless of the method of proving its costs (by records or other equally reliable evidence), however, "[t]he fact of loss must

2

be proven with certainty and the amount of loss with sufficient certainty so that the determination of the amount of damages will be more than mere speculation." *Tagarelli Bros. Constr. Co.*, ASBCA No. 34793, 88-1 BCA ¶ 20,363 at 102,990 (citing *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759 (Fed. Cir. 1987)). D-STAR failed to meet its legal burden of proof, even considering the fairness principle.

<u>CONCLUSION</u>

Ultimately, we have considered all of D-STAR's other arguments in its motion and supplement and find them uncompelling. D-STAR's motion for reconsideration is denied.

Dated: August 20, 2025

DANIEL S. HERZFELD
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62075, 62780, Appeals of D-STAR Engineering Corp., rendered in conformance with the Board's Charter.

Dated: August 20, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3